# UNITED STATES DISTRICT COURT, DISTRICT OF COLUMBIA

## No. 09-01856 (HHK)

| T. CARLTON RICHARDSON, | DISTRICT OF COLUMBIA, *ET AL.,* |
|---|---|
| *Plaintiff* | *Defendants* |

## OPPOSITION TO EXTENSION OF TIME TO FILE RESPONSE TO MOTION FOR T.R.O. & PRELIMINARY INJUNCTION
### (Including Request for an *Immediate* Evidentiary Hearing)

Justice *delayed* is justice *denied*!!! Agents of the D.C. Government and its D.C. Court of Appeals (acting in its legislative, administrative and executive capacities as regulators and enforcers of persons who and the practices of law in the District of Columbia) previously concealed and suppressed evidence when the district court considered Richardson's initial request for an injunction in July 1995 against the summary revocation of his license to practice law under unconstitutional statutory and judicial notice procedures without written notice or an evidentiary hearing before or promptly after revocation, which was dismissed *in part* for lack of jurisdiction under a misapplication and misinterpretation of the *Rooker-Feldman* doctrine[1] and

---

[1] The *Rooker-Feldman* doctrine holds that under U.S.C. § 281:57, the only federal court with jurisdiction to review State or DC court judgments is the Supreme Court [*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, U.S. 544:280, *283*, S.Ct. 125:1517 (2005) (discussing *D.C. Court of Appeals v. Feldman*, U.S. 460:462, *482*, S.Ct. 103:1303, *1314-1315* (1983), and *Rooker v. Fidelity. Trust Co.*, U.S. 263: 413, *414-416*, S.Ct. 44:149, *149-150* (1923)]. The doctrine requires a party seeking review of a state court judgment or presenting a claim that a State judicial proceeding has violated their constitutional rights to pursue relief through the state court system and ultimately to the Supreme Court. *Rooker* expressly requires that the State court judgment be rendered by a State court with subject matter and personal jurisdiction [*Id.*, U.S. 263:*415*, S.Ct. 44:*150*]. The Supreme Court in *Rooker* "noted preliminarily that the state court had acted *within its jurisdiction*" [*Rooker*, U.S. 263:*415*, S.Ct. 44:*150*; *Exxon Mobil Corp.*, U.S. 544:280, S.Ct. 125:*1522*]. And *Feldman* expressly excepts from the jurisdictional bar, final

RECEIVED

OCT 19 2009

NANCY MAYER WHITTINGTON, CLERK

abstained from *in part* under the *Younger* doctrine[2] [*see* App. A, Complaint: Order and Bench Opinion, *T. Carlton Richardson v. D.C. Court of Appeals*, CA No. 94-1272 (D.C.D.C., Hogan, J., 08/01/1995)]. In fact, Richardson has ***never*** received an evidentiary hearing on the reciprocal disciplinary misconduct charge; not until he applied for reinstatement in 2001, which was denied in 2004 in default proceedings by the D.C. Court of Appeals, a year after (in 2003) he discovered the obstruction of justice due to prosecutorial misconduct involving nondisclosure, concealment, suppression of evidence under *Brady*[3] and denial of investigatory due process rights, did he receive an evidentiary hearing, wherein Richardson was limited to the reinstatement standards and could not question the D.C. Court of Appeals' jurisdiction. This concealment and suppression continues to date and the defendants' request for delay in considering Richardson's motions for injunctive relief is but a ***continuing*** subterfuge, obfuscation, and fraud being practiced upon the district court.

**Richardson is entitled to a *prompt* evidentiary hearing on the injunctive relief requested here.** The public interest to which the people of the District of Columbia, a colony of the United States, are entitled is greatly disserved when the people's laws are unconstitutional and improperly and unfairly enforced by those entrusted with that duty and responsibility, in Richardson's case, judicial officers acting in prosecutorial, administrative and legislative capacities. The complaint and motion were served by hand upon the principals (and the D.C.

---

judgments in situations where the constitutionality of a court rule is involved [*Id.*, U.S. 460:*486*, S.Ct. 203:*1316-1317*].

[2] *Younger v. Harris*, U.S. 401:37, S.Ct. 91:746 (1971)

[3] U.S. 373:83; S. Ct. 83:1194 (1963). Bar disciplinary proceedings are *quasi*-criminal in nature [*In re Ruffalo*, U.S. 390:544, *550*, S.Ct. 88:1222, *mod. on other grds*, U.S. 392:919, S. Ct. 88: 2257 (1968)]. *Brady* principles developed under the 5th Amd., U. S. Constitution's due process clause require disclosure of investigatory information and materials in bar disciplinary proceedings to an accused attorney. Failure to disclose or the concealment of exculpatory evidence in bar disciplinary proceedings denies an accused attorney due process and the right to a fair trial.

Attorney General's Office) on **Tuesday, September 29, 2009, some 19 (nineteen) days ago.**
How much time does *competent* law firms need to oppose the injunction motion?

The standards for injunctive relief are not that complicated and the defendants are quite
familiar with the plaintiff's undisputed facts,[4] the only issue is one of *applying* the governing
injunctive relief (since the district court has jurisdiction), i.e. **whether plaintiff can**

---

[4] Since the August 1995 dismissal and abstention, Richardson has sought to return to the D.C. Federal
district court to have his federal rights adjudicated on no less than five (5) occasions [ten (10) times
including the D.C. federal appeals court proceedings]. Each time the district court improperly dismissed
plaintiff's action on *Rooker-Feldman* grounds, before *and* after the doctrine was amplified in *Exxon
Mobil* (actually the post-*Exxon Mobil* federal courts, district and circuit, overlooked that decision), under
summary disposition (by motion or *sua sponte*) or judicial notice procedures and has never adjudicated
the constitutional rights abstained from in Judge Hogan's August 1995 order (i.e. the unconstitutionality
of the bar statute and rule governing summary suspension of law licenses in reciprocal disciplinary
matters) [See, App. "A," Motion for TRO and PI]. The Federal district and circuit appeals court cases are
as follows:

| #-Yr | Case Name | Citation |
|------|-----------|----------|
| 01:1995 | *In re Richardson* | No. 95-5241, 1995 U.S. App. LEXIS 28667, 1995 WL 551108 (D.C. Cir., 08/10/1995) [*Per curiam* denial of petition for writ of mandamus] |
| 02:1996 | *Richardson v. D.C. Court of Appeals* | No. 95-cv-1272 (D.D.C., 08/01/1995, Hogan, J.), *aff'd* F.3d 83:1512 (D.C. Cir., 1996) |
| 03:1995 | *In re Richardson* | No. 95-8519 (D.C. Cir. 12/29/1995) |
| 04:1997 | *Richardson v. D.C. Bar Ass'n* | No. 96-cv-02286 (D.D.C., 01/13/1997, Sporkin, J.), *aff'd* No. 97-7051, 1997 WL 404321 (D.C. Cir., 06/30/1997). |
| 05:1997 | *Richardson v. D.C. Court of Appeals* | F.Supp. 962:1 (D.D.C 1997), *aff'd* No. 97-7085, 1997 WL 811754 (D.C. Cir., 12/09/1997) |
| 06:1998 | *Richardson v. D.C. Court of Appeals* | No. 97-cv-01594 (D.D.C., 07/17/1997), *aff'd* F.3d 172:920 (D.C. Cir. 1998) |
| 07:2004 | *Richardson v. D.C. Court of Appeals* | No. 04-cv-00101 (D.D.C., 03/31/2004) |
| 08:2005 | *Richardson v. District of Columbia* | No. 05-00210 (D.D.C., 03/30/2005, *aff'd* No. 05-7078 (D.C. Cir., 11/02/2005) |
| 09:2007 | *Richardson v. District of Columbia* | No. 06-cv-01665 [D.D.C., 07/11/2007 (dismissal); 09/25/2007 (Rule 11 sanctions imposed; reconsideration pending.) |
| 10:2008 | *Richardson v. District of Columbia* | No. 07-7138 (D.C. Cir., 02/13/08) [Order granting partial summary affirmance], (D.C. Cir.05/20/08) [Order denying petition for *en banc* rehearing or for a writ of mandamus] |

demonstrate by clear and convincing evidence that injunctive relief is the appropriate remedy under the circumstances? The district court is asked to 'do the right thing' (Jam. 4:17) and accord Richardson his due process right to an evidentiary hearing without further DELAY. Thanks.

## CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing document was delivered by U.S. Mail (1st Class) to:

| | |
|---|---|
| **HON. PETER J. NICKLES, D.C. Attorney General (DCAG); GEORGE C. VALENTINE, Deputy DCAG; ELLEN EFROS, Asst. Deputy DCAG; LEAH TAYLOR, Asst. Deputy DCAG** 441-4th Street NW, 6th Flr. So. Washington, DC 20001 202/724-7854; 202/727-6295 *Leah.taylor@dc.gov* | **DR. TIMOTHY K. WEBSTER, ESQ. SIDLEY AUSTIN LLP** 1505 "K" Street, NW Washington, DC 20005 202/736-8000 |

on this *19th* day of September 2009.

**DR. T. CARLTON RICHARDSON, J.D., LL.M., M.The.S.**
**Plaintiff *Pro Se***
1505 Pennsylvania Avenue, SE
Washington, DC 20003-3117
202-546-3505 ■ *Richardsontc47@aol.com*

4