| UNITED STATES DISTRICT COURT, DISTRICT OF COLUMBIA No. 09-01856 (HHK) ||
|---|---|
| **T. CARLTON RICHARDSON,** *Plaintiff* | **DISTRICT OF COLUMBIA, *ET AL.*,** *Defendants* |
| **MOTION FOR 2ND PARTIAL SUMMARY JUDGMENT AS TO PERSONAL JURISDICTION OVER ALL DEFENDANTS** *(Verified & Including Request for Evidentiary Hearing)* ||

### 1.0 PREFACE

Plaintiff moves for a 2nd partial summary judgment (Civ. R. 56; L.Civ.R. 56.1) as to the personal jurisdiction of the district court as to all defendants as follows:

| **Defendants D.C. Gov't/DCCA & Its Judges** | **Defendants DCCA Agencies/Employees** |
|---|---|
| Represented by: Timothy K. Webster, Esq., et al. | Represented by: P. J. Nickles, Esq., et al, D.C. Atty. General |
| 1. District of Columbia (D.C.)<br>2. D.C. Columbia Court of Appeals (DCCA)<br>3. Hon. Eric T. Washington, Chief Judge<br>4. Hon. Anna Blackburne-Rigsby, Asso. Judge<br>5. Hon. John R. Fisher, Asso. Judge<br>6. Hon. Stephen H. Glickman, Asso. Judge<br>7. Hon. Noel A. Kramer, Asso. Judge<br>8. Hon. Kathryn A. Oberly, Asso. Judge<br>9. Hon. Inez Smith Reid, Asso. Judge<br>10. Hon. Phyllis D. Thompson, Asso. Judge | 11. D.C. Board on Professional Responsibility<br>12. D.C. Bar Council Office<br>13. D. C. Bar<br>14. Leonard H. Becker<br>15. Elizabeth J. Branda<br>16. Wallace Eugene Shipp, Jr.<br>17. H. Lallah Shiskevish |

They are grouped according to principals (Defendants D.C. Gov't/DCCA & Its Judges) referred to as "Principal Defendants" and agencies or employees of the DCCA (Defendants DCCA Agencies-/Employees) referred to as "Agency/Employee Defendants." Their legal representation has been bifurcated since there may arise a conflict of interest between the two major groups or *inter se*. There also may arise conflicts *intra se* within each of the two major groups since there are subsidiary agency-principal, employer-employee relationships among the defendants.

**RECEIVED**
**NOV 2 7 2009**
NANCY MAYER WHITTINGTON, CLERK
U.S DISTRICT COURT

## 2.0 LEGAL PRINCIPLES INVOLVED

"A defect in the district court's jurisdiction over a party is a personal defense which may be asserted or waived by a party" [*Williams v. Life Sav. & Loan*, F.2d 802:1200, *1202* (10th Cir.1986) (*per curiam*)]. Objections to personal jurisdiction and service of process must be asserted in the answer or in a pre-answer motion [Fed.R.Civ.P. (=Civ.R.) 12(b); 8 *Moore's Federal Practice* §41.33[5][c][vii] (3d ed.1997) (The merits of an action may be reached by procedural devices other than an answer or a motion for summary judgment)]. If a party files a pre-answer motion and fails to assert the defenses of lack of personal jurisdiction or insufficiency of service, the party waives these defenses [Id., Civ. R. 12(h)(1)].

Furthermore, the defense of lack of personal jurisdiction may be asserted by motion so long as such motion is "made before pleading if a responsive pleading is allowed" [Fed. R. Civ. P. 12(b)]. The defense is waived if (a) it is omitted from a party's first 12(b) motion, or (b) it is not made by motion nor included "in a responsive pleading" [Fed. R. Civ. P. 12(h)(1)(B)]. A defendant may waive the personal jurisdiction defense through conduct, failing to assert it seasonably, or through formal submission to the proceedings [*Marcial Ucin, S.A. v. SS Galicia*, F.2d 723:994, *996* (1st Cir. 1983)]. The purpose behind this rule is obvious: it allows the district court to flush out all Rule 12 defenses at one time to avoid needless delay [*Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment & Allied Indus. Fund*, 967 F.2d 688, 691 (1st Cir. 1992)].

## 3.0 STATEMENT OF UNDISPUTED FACTS

(3.1) As to all defendants, except defendant Becker, plaintiff has submitted verified proofs of service either through return receipts (green cards) or electronic confirmation of delivery from the U.S. Postal Service's website along with the certified mailing receipt where green cards were not returned [Aff. of Svc. Process by Mail to Gov't Principal Defendants Blackburne-Rigsby, et al.] (3.2) As to

defendant Becker there is a affidavit of service which shows that the complaint and summons were delivered to his last known address, but was returned with a written notation that defendant Becker was "no longer here" [Aff. of Svc. of Process by Mail to Becker]. (3.3) When plaintiff Richardson received the returned document package posted, Richardson emailed (10/07/2009) defendant Becker requesting a mailing address. Defendant's Becker's attorney, Dr. Webster, by email (10/09/2009) to plaintiff acknowledged his

> client...Becker would be willing waive any additional requirement for formal service of process if [Richardson would] agree the [motion for] extension that is requested ... [specifically, I am responding (Becker's) behalf to (Richardson's) email to him dated October 7, 2009] (Id.).

(3.4) Moreover, Agency/Employee Defendants have not raised the defense of lack of personal jurisdiction in its 12(b) motion to dismiss nor has the defendants Gov't Principals (DC-DCCA & Judges) filed a response or answer at all to the plaintiff's complaint by November 18, 2009 [Gov't Principals' Aff'd of Svc, *supra*; Notice of Filing Return Receipts, of Record (11/10/2009)]. (3.5) There are statements made by the defendants, all as footnotes: (a) "The defendants do *not* concede that service has been properly effectuated with respect to all of them. *Service has been made on some of them*, and not all on the same day" [Joint Motion for Extension of Time to File an Answer or Responsive Pleading and to Respond to Motion for Injunction, 1n1 (10/16/2009) (*Emphasis "not" in original*)]; and (b) "The Complaint has not been served on all Moving Defendants ['D.C. Board on Professional Responsibility, the Office of Bar Counsel, Wallace Eugene Shipp, Jr., Leonard H. Becker, Elizabeth J. Branda, and H. Lalla Shishkevish'], and such defendants do not waive service. However, as the grounds for the dismissal are common to all defendants, the Complaint should be dismissed with respect to all defendants" [Motion to Dismiss, 1n2 (11/18/2009)].

### 4.0 FACTUAL APPLICATION OF LEGAL PRINCIPLES

Defendant Becker by concealing his mailing address is interfering with the administration of justice and not dealing in 'good faith' with the plaintiff in this case, *especially* in conditioning Richardson's consent to an extension to file an answer or other response to the complaint to his wavier of

any further "formal" service of process. Becker, an attorney and former Bar Counsel, and his attorney, Dr. Webster, a distinguished member of the D.C. Bar, are deliberately making it more difficult for plaintiff to prosecute this action. And such conduct by Becker is an acknowledgment that he has constructive [*via* his attorney, Dr. Webster], if not actual, knowledge of the filing and pendency of this action.

Furthermore, Becker filed along with other Agency/Employee (A/E) Defendants a Civ. R. 12(b) motion and does not raise the defense of lack of personal jurisdiction by the district court. The A/E Defendants have waived the lack of personal jurisdiction defense by filing extensive pleadings and seeking alternative relief, in addition to a Civ. R. 12(b) motion to dismiss and participating fully in the litigation, e.g. filing oppositions to plaintiff's motion to reconsider *sua sponte* denial of TRO/PI motions by district court, to plaintiff's 1st motion for partial summary judgment, contempt of court, and referral for criminal prosecution; requesting in one pleading that the case be transferred to another federal judge.

A/E Defendants only give 'lip service' to an insufficient service of process because they have actual and constructive knowledge of the pendency of the litigation and have retained the same counsel to represent them. Likewise, the Principal Gov't defendants D.C.-DCCA & Judges have followed lock-step with the A/E Defendants, except that the Principal Gov't defendants have elected not to file any answer or response, but to await the outcome of the district court (who in the court's *sua sponte* dismissal order of plaintiff's TRO/PI motions without notice or opportunity to be heard has shown a favorable pre-disposition to some legal arguments available to the Principal Gov't defendants).

### 5.0 CONCLUSION & RELIEF REQUESTED

Plaintiff has shown that service of the complaint and summons in this action has been effectuated and that the district court has personal jurisdiction of *all* parties. It is therefore requested that the district court grant this motion for partial summary judgment declaring that defendants have been properly served or have waived any objections to the district court's personal jurisdiction, and for such further relief as the district court deems necessary and proper.

## 6.0 CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing document was delivered by U.S. Mail (1st Class) to:

| HON. **PETER J. NICKLES**, D.C. Attorney General (DCAG); **GEORGE C. VALENTINE**, Deputy DCAG; **ELLEN EFROS**, Asst. Deputy DCAG; **THOMAS L. KOGER**, Asst. Deputy DCAG<br>441-4th Street NW, 6th Flr. So.<br>Washington, DC 20001 | DR. **TIMOTHY K. WEBSTER**, ESQ.<br>DR. **NOAH A. CLEMENTS**, ESQ.<br>SIDLEY AUSTIN LLP<br>1505 "K" Street, NW<br>Washington, DC 20005 |

on this 25th day of November 2009.

_[signature]_

DR. **T. CARLTON RICHARDSON**, J.D., LL.M., M.The.S.
Plaintiff *Pro Se*
1505 Pennsylvania Avenue, SE
Washington, DC 20003-3117
202-546-3505